IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                               CRIMINAL ACTION NO. 3:11-00074-02

NICOLE DIANNE BLANKENSHIP

**ORDER**

At a hearing held on June 20, 2011, the Government appeared by Charles Miller and the defendant appeared in person and by counsel Lee Booten for the purpose of the defendant's plea to count twenty-three of the indictment.

The Court inquired of the defendant, both personally and through counsel, to determine the defendant's competence. The Court found the defendant competent and capable of entering an informed plea.

Mr. Booten, counsel for the defendant, offered for the Court's consideration and summarized the entirety of a written plea agreement signed by both the defendant and her counsel. The Court reserved acceptance of the plea agreement until the sentencing, but ordered the original plea agreement filed with the Clerk.

The Court further read to the defendant the charge contained in count twenty-three of the indictment. The Court inquired as to the defendant's plea. The defendant then pleaded guilty.

The Court read the pertinent portions of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The Court explained the elements that the United States would have had to prove had this matter gone to trial. After hearing and considering the defendant's explanation of why she considered herself guilty and

hearing evidence from the Government about what it would have been able to prove at trial, the Court found that there was a sufficient factual basis for the defendant's guilty plea.

The Court further informed the defendant, pursuant to the requirements of *Fed. R. Crim. P.* 11(c)(1), of the nature of the charge and of the consequences of pleading guilty to the charge. After explaining thoroughly these items and after hearing and considering the defendant's responses to the Court's questions, the Court found that the defendant understood the nature of the charge and the consequences of pleading guilty.

The Court further informed the defendant, pursuant to the requirements of *Fed. R. Crim. P.* 11(c)(3), (c)(4), of the constitutional and other legal rights that the defendant was giving up by pleading guilty. After explaining thoroughly these items and after hearing and considering the defendant's responses to the Court's questions, the Court found that the defendant understood her constitutional and other legal rights.

The Court further inquired of the defendant, pursuant to the requirements of *Fed. R. Crim. P.* 11(d), to insure that the defendant's plea was voluntary. After hearing and considering the defendant's responses to the Court's questions, the Court found that the defendant's plea was voluntary.

The defendant further executed a written plea of guilty and the defendant's counsel witnessed the document. The Court accepted the defendant's plea.

Accordingly, the Court **ADJUDGES** the defendant guilty and the defendant now stands convicted of violating 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The Court **ORDERS** that the Probation Office prepare and forward a draft presentence report to the Government and counsel for the defendant no later than **August 22, 2011**, that the United States Attorney and counsel for the

defendant file objections to the draft presentence report no later than **September 6, 2011**, and that the Probation Office submit a final presentence report to the Court no later than **September 19, 2011**. If either the United States or counsel for the defendant decide to file a sentencing memorandum, it must be filed no later than **September 26, 2011**. In their respective sentencing memoranda, the Court **ORDERS** the United States and counsel for the defendant to offer any evidence or argument for a sentence outside the Guideline range. The Court **SCHEDULES** final disposition of this matter for **October 3, 2011**, at **11:30 a.m.** in Huntington.

The Court **ORDERS** the defendant released upon the previously executed bond, subject to the conditions set forth in the Order Setting Conditions of Release previously filed herein. In addition, the Court **ORDERS** the defendant to comply with the following special condition of release: that the defendant appear for sentencing as directed.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: June 21, 2011

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE